UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DOMINIQUE DARNELL ROBINSIN,

        Plaintiff,

        v.                                  Case No. 24-cv-1280-bhl

JOHN DOE, et al.,

        Defendants.

---

# ORDER

---

    Plaintiff Dominique Robinson, who is currently in custody at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 1 & 2. On October 10, 2024, the Court ordered Robinson to forward to the Clerk of Court the sum of $41.70 as an initial partial filing fee in this case by November 12, 2024. Dkt. No. 5. The Court advised Robinson that, upon payment of this initial partial filing fee, the Court would determine whether the action could proceed. *Id*. The deadline to pay passed, and Robinson did not pay, so the Court entered an order on November 13, 2024, warning Robinson that if the Court did not receive the $41.70 initial partial filing fee by November 26, 2024, or some explanation as to why it has not been paid, the Court would deny the motion and dismiss the case. Dkt. No. 9. Later that day, Robinson filed a motion to waive the initial partial filing fee claiming that he is unable to pay and his current balance is $0.00. Dkt. No. 10.

    The Prison Litigation Reform Act (PLRA) provides that the Court may not dismiss the suit of a prisoner who lacks funds to pay. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be

prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). However, it is not enough that the prisoner lacks assets on the date he files. *See Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (overruled on other grounds). "If that were so, then a prisoner could squander his trust account and avoid the fee." *Id*. Section 1915(b)(4) applies "only when the prisoner has no assets and *no means* by which to pay the initial partial filing fee." *Id*. A prisoner with periodic income has "means" to pay even when he lacks "assets" on the day of filing. *Id*.

A review of Robinson's trust account statement shows over 30 deposits in his account, in amounts ranging from $10 to $100, in the six-month period immediately preceding the filing of this lawsuit. Dkt. No. 3. The trust account statement also shows that Robinson spent all of his money on hundreds of phone calls, several haircuts, and other personal items. *See id*. Robinson had "means" to pay the initial partial filing fee even though he now lacks "assets" to do so because he has already spent his money on other things. Therefore, the Court will deny his motion to waive the initial partial filing fee. Robinson must submit the $41.70 initial partial filing fee by November 26, 2024, if he intends to proceed with this lawsuit.

Robinson also filed a motion to amend the complaint, along with a proposed amended complaint. Dkt. Nos. 7 & 8. Federal Rule of Civil Procedure 15(a)(1)(A) allows a plaintiff to amend the complaint once as a matter of course within 21 days after serving it. The complaint has not yet been served; therefore, Robinson can amend as a matter of course without the Court's permission. The Court will deny the motion to amend the complaint as unnecessary.

**IT IS THEREFORE ORDERED** that Robinson's motion to waive the initial partial filing fee (Dkt. No. 10) is **DENIED**. Plaintiff must submit the **$41.70** initial partial filing fee by

**November 26, 2024**, if he intends to proceed with this lawsuit. Failure to pay the fee will result in dismissal of the case.

**IT IS FURTHER ORDERED** that Robinson's motion to amend/correct the complaint (Dkt. No. 7) is **DENIED** as unnecessary.

Dated at Milwaukee, Wisconsin on November 15, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge