UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DOMINIQUE ROBINSON,

        Plaintiff,

        v.                                          Case No. 24-cv-1280-bhl

JOHN DOE, et al.,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Dominique Robinson, who is a pretrial detainee at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Robinson's motion for leave to proceed without prepayment of the filing fee and for screening of the amended complaint. Dkt. Nos. 2 & 8.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Robinson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Robinson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $41.40. Accordingly, the Court will grant Robinson's motion for leave to proceed without prepayment of the filing fee.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Robinson is a pretrial detainee at the Milwaukee County Jail. Dkt. No. 8. Defendants are Nurse Tammy, Nurse Lea, Nurse Brittany, Nurse Griffin, Jane Doe Nurses #1-2, Physical Therapist April, Physical Therapist Ann, and John Doe Correctional Officer. *Id*.

2

According to the amended complaint, on November 13, 2024, Robinson fainted and hit his head on the concrete floor. *Id*. at 2. Robinson suffered neck, back, and head injuries, along with "excruciating pain." *Id*. at 2-3. Robinson claims that these injuries have not been properly treated since November 2024. *Id*. at 3-10.

On December 4, 2023, Nurse Lea allegedly diagnosed Robinson with "post-concussion syndrome" and prescribed Tylenol, Naproxen, and physical therapy to be completed two times a week. *Id*. at 3. But she refused to order an MRI or a CT scan, claiming it was "too late" because his injuries had already started healing. *Id*. Physical Therapists April and Ann worked with Robinson pursuant to the order for physical therapy, but they only agreed to see him three times total over eight months, even though he was supposed to see a physical therapist two times every week. *Id*. at 3-6. These physical therapy appointments occurred on December 10, 2023 and February 22, 2024 with Physical Therapist April; and July 29, 2024 with Physical Therapist Ann. *Id*. The appointments did nothing to resolve his pain. *Id*. Robinson later complained to Nurse Lea about his failure to receive two physical therapy appointments a week, and rather than resolving the issue herself, she directed Robinson to go directly to the physical therapists. *Id*. at 6 & 8. But Physical Therapists April and Ann did not schedule more appointments. *Id*. at 3-5.

On June 4, 2024, Nurse Jane Doe #1 prescribed an alternative to physical therapy—the "spine conditioning program"—which consisted of exercises that Robinson could complete in his cell. *Id*. at 4. Robinson states that this program should have been completed under a doctor's supervision, and doing it unsupervised in his cell caused additional injury. *Id*. at 4-5. Robinson claims that, after doing the program several times, he could no longer turn his body in certain ways, stand for long periods of time, or sleep at night due to pain. *Id*. at 4. Robinson wrote a "sick call slip" about the issue, which was answered by Nurse Britney directing him to stop doing the spine conditioning program, if it caused pain. *Id*. at 5. Nurse Britney did not provide alternative treatment options or schedule an appointment to check on him. *Id*. On June 10, 2024, Nurse

3

Tammy discontinued Robinson's prescription for Gabapentin for no legitimate reason, causing him additional pain. *Id*. at 6-8. On June 11, 2024, Robinson wrote another "sick call slip," which Jane Doe Nurse #2 did not answer until four months later in October 2024. *Id*. at 9-10. At that time, Jane Doe Nurse #2 still did not schedule an appointment and instead just told him to sign some forms. *Id*. Two days later, on June 13, 2024, Robinson experienced excruciating pain from the discontinuation of his medication. *Id*. at 7. He pushed his emergency call button at least four times and told John Doe Correctional Officer about his pain, but John Doe Correctional Officer refused to send Robinson to the Health Services Unit. *Id*. at 7-8. John Doe Correctional Officer claimed that Nurse Griffin had already told him that Plaintiff's pain was not an "emergency" and he should file a medical form tomorrow. *Id*. John Doe Correctional Officer then threatened to punish Robinson if he continued to press the emergency call button. *Id*. For relief, Robinson seeks monetary damages. *Id*. at 12.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Robinson asks to proceed on a Fourteenth Amendment denial of medical care claim against all Defendants. Dkt. No. 8 at 10. To state a claim under the Fourteenth Amendment, Robinson must allege that he had an objectively serious medical condition and Defendants' response to the medical condition was objectively unreasonable. *Pittman v. Madison County*, 108 F.4th 561, 566 (7th Cir. 2024). Robinson must allege that Defendants' action was purposeful and intentional; and Defendants failed to "take reasonable available measures to abate the risk of serious harm." *Id*. at 572. "The objective reasonableness of a decision to deny medical care…does not consider the

4

defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570.

Robinson alleges that he suffered a fall that caused neck, back, and head injuries, along with "excruciating pain." He alleges that Nurse Lea refused necessary imaging (an MRI and CT scan) then failed to follow-up on treatment she prescribed (physical therapy) that was not actually made available to him. Jane Doe Nurse #1 allegedly prescribed inappropriate treatment (the "spine conditioning program") that should have been supervised by a doctor, and caused additional injury. Nurse Tammy allegedly discontinued treatment (Gabapentin) that was working for no legitimate reason. And Nurse Brittany, Nurse Griffin, Jane Doe Nurse #2, Physical Therapist April, Physical Therapist Ann, and John Doe Correctional Officer were allegedly unresponsive to his complaints of pain and failed to schedule necessary appointments to address his complaints. Based on these allegations, the Court can reasonably infer that Nurse Tammy, Nurse Lea, Nurse Brittany, Nurse Griffin, Jane Doe Nurses #1-2, Physical Therapist April, Physical Therapist Ann, and John Doe Correctional Officer may have provided objectively unreasonable medical care. Therefore, Robinson may proceed on a Fourteenth Amendment denial of medical care claim against all Defendants.

## Conclusion

The Court finds that Robinson may proceed on a Fourteenth Amendment denial of medical care claim against Nurse Tammy, Nurse Lea, Nurse Brittany, Nurse Griffin, Jane Doe Nurses #1-2, Physical Therapist April, Physical Therapist Ann, and John Doe Correctional Officer in connection with the failure to treat his head, neck, and back pain since November 2024.

**IT IS THEREFORE ORDERED** that Robinson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Nurse Tammy, Nurse Lea, Nurse Brittany, Nurse Griffin, Physical Therapist April, and Physical Therapist Ann pursuant to Federal Rule of Civil Procedure 4. Robinson is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Nurse Tammy, Nurse Lea, Nurse Brittany, Nurse Griffin, Physical Therapist April, and Physical Therapist Ann shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Robinson shall collect from his institution trust account the **$308.30** balance of the filing fee by collecting monthly payments from Robinson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Robinson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Robinson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Robinson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 13, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge