UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DOMINIQUE DARNELL ROBINSON,

Plaintiff,

v. Case No. 24-cv-1280-bhl

JAMIE BROWN et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Dominique Darnell Robinson is incarcerated at the Jackson Correctional Institution and representing himself in this 42 U.S.C. §1983 case. Robinson is proceeding, in part, on a claim that Defendant Jamie Brown, a corrections officer at the Milwaukee County Jail, violated his constitutional rights when he informed Robinson that his middle-of-the-night pain was not a medical emergency and that he should submit a healthcare slip in the morning. Dkt. No. 8. On August 18, 2026, Brown filed a motion for summary judgment on the grounds that Robinson did not exhaust the available administrative remedies. For the reasons explained below, the Court will grant Brown's motion and dismiss Robinson's claim against him.

**BACKGROUND**

At the relevant time, Robinson was incarcerated at the Milwaukee County Jail, where Brown worked as a corrections officer. According to Robinson, at about midnight on June 13, 2024, he pressed his emergency call button four times complaining that his body was stiff and his arm had numbness and tingling. Robinson asserts that Brown told him that his complaints were not a medical emergency and that he should go back to sleep and fill out a medical form in the morning. Brown allegedly also told him to stop pressing his emergency call button or there would be serious consequences because his complaints were not an emergency. According to Robinson, the next morning, the first shift nurse informed him that the nurse working the night before "made the call that his situation was not an emergency." Dkt. No. 8 at 7-8; Dkt. Nos. 102, 118 at ¶¶1-5.

On the morning of June 13, 2024, Robinson submitted a grievance which stated:

> On 6-13-24 at around 12:00 am I was having severe pain in my neck, and back where I suffered injuries from a fall here at the MCJ and pressed my medical alert button seeking help from nurses because I couldn't get out of the bed because my back went out, and was denied medical attention. I pressed my alert button 4 times and was told to fill out a medical slip. The nurses are aware of my serious medical needs. I also asked for the officer and nurses name that was working and the officer refused.

Dkt. Nos. 102, 118 at ¶31.

The grievance was routed to the jail's medical provider because Robinson selected "medical grievance" as the subtype and because the grievance related to the handling of his medical care. A healthcare provider responded on June 27, 2024, stating, "Hello Mr. Robinson, You are receiving duloxetine for pain control. Please complete a pink and white to be further evaluated. Thank you." According to Robinson, the grievance was then marked "closed" and no appeal box was made available until October 12, 2024, at which time Robinson filed an appeal that stated, "I'm appealing my grievance the nurse and co denied me medical and denied me my medication on the day I suffered these serious medical needs." Dkt. Nos. 102, 118 at ¶¶32-33; Dkt. Nos. 119, 124 at ¶¶14-15.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Robinson was incarcerated when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). It has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Per the jail's inmate handbook, grievances are required to "clearly identify the conduct complained of (the issue) and may contain only one clearly identified issue per grievance." Dkt. No. 103-1 at 3.

Robinson did not exhaust the available administrative remedies on his claim against Brown because the grievance did not provide the jail with notice of, or the opportunity to correct any alleged misconduct by Brown. *See Turley v. Redour*, 729 F.3d 645, 650 (7th Cir. 2013) (holding that a prisoner must provide the institution with "notice of, and an opportunity to correct, a problem"). Robinson identified his issue as a "medical issue" and complained that, although nurses were aware of his serious medical needs, he was nevertheless denied medical attention. Brown is a correctional officer, not a nurse. He was neither qualified nor equipped to address Robinson's medical concerns. All he could do was communicate Robinson's complaints to the nursing staff and then communicate the nursing staff's response to Robinson, which is exactly what Robinson's grievance suggests he did. Put plainly, although the grievance references Brown's involvement, it does not suggest that Brown engaged in any misconduct. Thus, the grievance provided notice on the only issue Robinson identified: a nurse's denial of medical care. Brown is therefore entitled to summary judgment.

Moreover, having again considered Robinson's allegations, the Court concludes that they fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 54(b) (empowering the Court to revise any order at any time before the entry of final judgment). As described above, in the amended complaint, Robinson alleged that, after pushing his medical emergency button four times, Brown told him that his complaints were not a medical emergency and that he should go back to sleep and fill out a medical form in the morning. Robinson further alleged that, the next

morning, the first shift nurse informed him that the nurse working the night before "made the call that his situation was not an emergency." Dkt. No. 8.

Section 1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). According to Robinson, a nurse, *not* Brown, determined that his complaints of pain did not require emergency attention but could be dealt with the following morning after he submitted a health services slip. Non-medical officials, such as Brown, are entitled to "rely on the expertise of medical personnel" and "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)). It is only when a nonmedical official entirely ignores an inmate's complaints or has sufficient notice of "an excessive risk to inmate health or safety" that he may be found liable for not taking action. *Id*. (quoting *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)). Robinson does not allege that Brown ignored him; he alleges that Brown relayed his complaints to the nurse and then relayed the nurse's assessment to Robinson. The Constitution does not require more. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), ("Public officials do not have a free-floating obligation to put things to rights, disregarding rules . . . along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen."). Accordingly, even if his claim had been properly exhausted, it should be dismissed as a matter of law.

**IT IS THEREFORE ORDERED** that Brown's motion for summary judgment on exhaustion grounds (Dkt. No. 100) is **GRANTED** and Robinson's claim against him is **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin this 2nd day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge