UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOMINIQUE DARNELL ROBINSON,

Plaintiff,

v. Case No. 24-cv-1280-bhl

JAMIE BROWN et al.,

Defendants.

## DECISION AND ORDER

Plaintiff Dominique Darnell Robinson is incarcerated at the Jackson Correctional Institution and representing himself in this 42 U.S.C. §1983 case. Robinson is proceeding, in part, on a claim that Defendant April Wang, a physical therapist who is also representing herself, evaluated him only two times in eight months despite him being prescribed physical therapy twice per week. Dkt. No. 8. On August 17, 2026. Wang filed a motion for summary judgment on the grounds that Robinson failed to exhaust the available administrative remedies. For the reasons explained below, the Court will grant the motion and dismiss Robinson's claim against her without prejudice.

## BACKGROUND

At the relevant time, Robinson was incarcerated at the Milwaukee County Jail, where Wang worked as a physical therapist. According to Robinson, on December 4, 2023, he was prescribed physical therapy twice per week.[1] He asserts that Wang saw him only twice, on December 10, 2023 and February 11, 2024. Dkt. No. 8 at 3.

On June 2, 2024, about four months after Wang's final session with Robinson, Robinson submitted a grievance asserting that he had been on the list for physical therapy for months and that he was told the physical therapist had quit and does not work at the jail anymore.[2] Robinson

[1] Robinson's medical records from December 4, 2023, state only that Robinson is to "Start Physical Therapy;" no frequency is prescribed. Dkt. No. 93-1 at 32.

[2] On May 22, 2024, a provider "strongly recommended" physical therapy but noted that physical therapy was not available at the jail at that time. Dkt. No. 93-1 at 131. About two months later, on July 30, 2024, Physical Therapist

stated he was in extreme pain and needed physical therapy. Dkt. No. 113-2 at 3. On June 18, 2024, jail staff responded to the inmate complaint and informed Robinson that he had a referral for physical therapy. *Id.* Staff also reminded him that he had been provided with exercises that he was to perform until he was able to see a physical therapist. *Id.*

More than three months later, on October 1, 2024, Robinson submitted an appeal stating that the prescribed exercises had further injured his neck and back. Dkt. No. 113-2 at 3. Staff responded on October 8, 2024, informing Robinson that the appeal was outside the required timeframe and referring him to the inmate handbook to review the criteria for appeals. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Robinson was incarcerated when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). It has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some

---

Ann Marie Hessil, who replaced Wang as the physical therapist at the jail, recommended that Robinson receive physical therapy two times per week for eight weeks. *Id.* at 114.

orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Robinson points to several grievances he filed about his issues with physical therapy generally, but the grievance he filed on June 2, 2024, is the only one relevant to the time he was under Wang's care. That grievance did not provide notice to the jail of Robinson's concerns about Wang's care, including the frequency with which she had seen him. Instead, it notified the jail that he was frustrated about not having been seen for months because no physical therapist was currently working at the jail. In other words, Robinson complained generally about a delay in treatment, but Wang, who no longer worked at the jail, was not the cause of that delay. Accordingly, the June 2, 2024 grievance did not provide the jail with notice of Robinson's concerns about Wang's conduct.

Additionally, even if Robinson had provided notice to the jail of his concerns about the frequency of Wang's treatment, she is entitled to summary judgment because Robinson did not timely appeal the decision on his grievance. According to the jail handbook, "If an inmate is dissatisfied with the determination that they receive regarding their grievance, they may appeal the grievance determination to a jail supervisor within 7 days after the date of the determination on the original grievance." Dkt. No. 103-1 at 4. Robinson received a response to his June 2, 2024 grievance on June 18, 2024. Dkt. No. 113-2 at 3. He did not file an appeal until October 1, 2024, which, as jail staff informed him, was "outside the required timeframe." *Id.* Accordingly, because Robinson did not properly complete every step in the grievance procedure, he failed to exhaust the administrative remedies. *See King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) ("The exhaustion requirement is strict. A prisoner must comply with the specific procedures and deadlines established by the prison's policy.").

Finally, Robinson includes numerous case citations about the "unavailability" of administrative remedies, but he includes no *facts* to support a reasonable inference that the administrative remedies at the jail were unavailable to him. Robinson filed *many* grievances and appeals on *many* topics. He has presented no evidence to suggest that the grievance process was unavailable to him. Accordingly, because the evidence demonstrates that Robinson did not

exhaust the administrative remedies on his claim against Wang, she is entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Wang's motion for summary judgment on exhaustion grounds (Dkt. No. 96) is **GRANTED** and Robinson's claim against her is **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin this 2nd day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge